1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

HCA EASTLAKE APARTMENTS
L.P dba BONITA HILLS
APARTMENTS,

CASE NO. 16CV1475-GPC(JLB)

11

**ORDER *SUA SPONTE*
REMANDING ACTION TO STATE
COURT**

12

Plaintiff,

13

v.

14

JOSEPH AKINO, III; EMILROSE L.
AKINO; DOES I to X, inclusive,

15

Defendants.

16
17

On June 14, 2016, Defendants filed a notice of removal of this unlawful detainer

18

action from the Superior Court of the State of California for San Diego County.

19

Having reviewed Defendants' notice of removal, the Court finds it does not have

20

subject matter jurisdiction over this action.   Accordingly, the Court *sua sponte*

21

REMANDS the action to state court.

22

**Discussion**

23

The federal court is one of limited jurisdiction. <u>Lowdermilk v. U.S. Bank Nat'l</u>

24

<u>Ass'n</u>, 479 F.3d 994, 997 (9th Cir. 2007).  It possesses only that power authorized by

25

the Constitution or a statute. <u>See Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S.

26

534, 541 (1986).  It is constitutionally required to raise issues related to federal subject

27

matter jurisdiction, and may do so *sua sponte*. <u>Steel Co. v. Citizens for a Better Env't</u>,

28

523 U.S. 83, 93–94 (1998); <u>see Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090,

1092 (9th Cir.1990).  Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*.  A state court action can only be removed if it could have originally been brought in federal court.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996).  Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law.  Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10–11 (1983).  Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

A review of the state court complaint in this case shows that Plaintiff alleges a single unlawful detainer claim under California state law. (Dkt. No. 1-2 at 3-5.) It also alleges that the amount demanded does not exceed $10,000 and seeks the amount of unpaid rent.  (Id.)

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In the notice of removal, Defendants allege that the Court has jurisdiction pursuant to a federal question because their demurrer depends on federal law.  (Dkt. No. 1 -2 at 6-8.)  A review of the demurrer presents no federal question.  Even if the demurrer alleged a federal question, Defendants' alleged federal "claims" are most

likely defenses or counterclaims against Plaintiff's claims.  However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint.  <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").  As such, Defendants' allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

Defendants have not adequately established a basis for this Court's subject matter jurisdiction. The Court must remand the case.  <u>See</u> 28 U.S.C. § 1447(c).

## Conclusion

Based on the above, the Court *sua sponte* REMANDS the action to the Superior Court of the State of California for San Diego County.

IT IS SO ORDERED.

DATED:  June 16, 2016

HON. GONZALO P. CURIEL
United States District Judge

[16CV1475-GPC(JLB)]